FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 9:59 am, Sep 08, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LEVI ARTHUR FEDD,

    Plaintiff,

    v.

DR. JOHNSON, et al.,

    Defendants.

CIVIL ACTION NO.: 5:20-cv-69

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed this action under 42 U.S.C. §1983, contesting certain conditions of his confinement.  Docs. 1, 10.  The Court permitted Plaintiff to proceed *in forma pauperis*.  Doc. 11.  For the reasons which follow, I **VACATE** the Order granting Plaintiff's Motion to Proceed *in Forma Pauperis* and ordering the collection and remittance of funds, doc. 11, and **DENY** Plaintiff's Motions to Proceed *in Forma Pauperis*, docs. 2, 9.  For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed in forma pauperis on appeal.[1]  I also **RECOMMEND** the Court **DENY as moot** any and all pending Motions and requests for relief Plaintiff filed in this action, docs. 19, 20, 21, 23.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted).  A magistrate judge's report and recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280,

**BACKGROUND**

Plaintiff claims he was sexually assaulted by his cellmates in January 2020, causing him to sustain injuries. Doc. 10 at 5. Defendants allegedly failed to protect him from the assault. Id. at 4. Plaintiff claims he is in "imminent danger" because of the assaults committed against him prior to filing this action and injuries suffered in these assaults.

**DISCUSSION**

**I.    Dismissal Under 28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA"). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit Court of Appeals upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding that § 1915(g) does not violate the doctrine of separation of powers, nor does it

---

1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

violate an inmate's rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

1) Fedd v. Singh, No. 16-11805 (11th Cir. Feb. 2, 2017) (three judge panel dismissing appeal as frivolous);

2) Fedd v. Holt, No. 1:16-cv-713 (N.D. Ga. Jan. 5, 2017), ECF No. 32 (dismissed for lack of exhaustion);[2] and

3) Fedd v. Almedom, No. 5:15-cv-104 (M.D. Ga. Feb. 12, 2016), ECF No. 27 (dismissed for lack of exhaustion).

Additionally, Plaintiff has been identified as a three-striker in Fedd v. Byird, No. 6:18-cv-121 (S.D. Ga. June 5, 2019), ECF No. 12.

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"). Courts look to the complaint as whole in determining whether the exception is met, but general and conclusory

---

[2]     The failure to exhaust administrative remedies counts as a strike under § 1915(g). White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020). The dismissal of a claim pursuant to 42 U.S.C. § 1997(e) is "tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

allegations not grounded in specific facts indicating that serious physical injury is imminent cannot invoke the § 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). General assertions, even construed liberally, are "insufficient to invoke the exception absent specific fact allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1349–50 (11th Cir. 2004).

At most, Plaintiff makes general and conclusory allegations of imminent danger. It is not fully clear whether Plaintiff is referring to the assault forming the basis for his Complaint, which already occurred, or some future harm. For instance, Plaintiff says in his Complaint, "The Plaintiff claim is violent [sic] physical attacks of sex assault and assault by others . . . speaking battery because actual touching Plaintiff and inmates use [sic] words and [sic] threat and [sic] violent directed at Plaintiff." Doc. 10 at 11. Any other allegations of danger are similarly vague and insufficient to bring Plaintiff within the imminent danger exception. See O'Connor v. Sec'y, Fla. Dep't of Corr., 732 F. App'x 768 (11th Cir. 2018) (explaining that for a prisoner to demonstrate that he comes within the imminent danger exception, he must provide "specific" facts which demonstrate that when his complaint was filed he is in danger of serious physical injury and that such injury is imminent and observing that vague and conclusory allegations are insufficient); O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 804 (11th Cir. 2016) (holding that a past threat of serious physical injury is insufficient to plead imminent danger). The Court finds nothing in Plaintiff's present Complaint to persuade it otherwise. As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*.

Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint under § 1915(g) and **DENY** as moot any and all pending Motions and requests for relief Plaintiff has filed in this action. Docs. 19, 20, 21, 23.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from

---

[3]     A certificate of appealability is not required in this § 1983 action.

5

filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **VACATE** the Order granting Plaintiff *in forma pauperis* status in this Court, doc. 11, and **DENY** Plaintiff's Motions to Proceed *in Forma Pauperis*. Docs. 2, 9.  For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** him leave to proceed *in forma pauperis* on appeal.  I also **RECOMMEND** the Court **DENY** as moot any and all pending Motions and requests for relief Plaintiff filed, docs. 19, 20, 21, 23.

The Court instructs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of September, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA