**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

LEVI ARTHUR FEDD,

      Plaintiff,

  v.

DR. JOHNSON, et al.,

      Defendants.

CIVIL ACTION NO.: 5:20-cv-69

## MAGISTRATE JUDGE'S REPORT AND PROPOSED FINDINGS OF FACT

This matter is before the Court on remand from the Eleventh Circuit Court of Appeals. Doc. 33. The Eleventh Circuit remanded the case for the limited purpose of resolving the factual question of when Plaintiff delivered the notice of appeal to prison authorities for mailing and where the notice of appeal was sent. Id. at 2. On April 15, 2021, the Court held a hearing to address these factual inquiries, at which Plaintiff appeared, proceeding pro se. See Dkt. entry dated Apr. 6, 2021; Doc. 34.

## PROCEDURAL HISTORY

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed this action under 42 U.S.C. § 1983 contesting certain conditions of his confinement. Docs. 1, 10. The undersigned recommended the Court dismiss without prejudice Plaintiff's suit under 28 U.S.C. § 1915(g) because Plaintiff had brought at least three civil actions that were dismissed and constituted strikes under § 1915(g) prior to filing the instant lawsuit, and Plaintiff did not demonstrate he met the "imminent danger of serious physical injury" exception to § 1915(g). Doc. 25 at 4–5. On October 6, 2020, the Honorable Lisa Godbey Wood adopted the Report and

Recommendation as the opinion of the Court, overruling Plaintiff's objections and dismissing Plaintiff's Complaint without prejudice.  Doc. 28.  Judgment was entered on October 8, 2020.  Doc. 29.  On December 28, 2020, the District Court received Plaintiff's Notice of Appeal, in which Plaintiff seeks to appeal dismissal of his lawsuit.  Doc. 30.  The next day, on December 29, 2020, the Clerk of Court transmitted Plaintiff's Notice of Appeal to the Eleventh Circuit Court of Appeals.  Doc. 31.

The Eleventh Circuit Court of Appeals determined Plaintiff's Notice of Appeal may have been untimely, divesting the Eleventh Circuit of jurisdiction, and asked Plaintiff to address this jurisdictional question.  Fedd v. Johnson, No. 20-14842 (11th Cir. Jan. 13, 2021).  Specifically, the court noted Plaintiff appeared to provide his Notice of Appeal for mailing on October 26, 2020, but his envelope is dated December 2, 2020, and is postmarked December 3, 2020.  Id. at 2.  However, even after considering Plaintiff's response, it remained unclear whether Plaintiff's Notice of Appeal was timely under the prison mailbox rule.  Doc. 33 at 1.  Thus, the Eleventh Circuit remanded Plaintiff's appeal for the "limited purpose of resolving the factual question of when the notice of appeal was delivered to prison authorities for mailing and where the notice of appeal was sent" to this Court.  Id. at 2.  The court noted, among other things, Plaintiff's Notice of Appeal bears receipt stamps from three different courts on three different dates.  The Eleventh Circuit Court of Appeals did not direct this Court to determine whether, based on those factual findings, Plaintiff filed a timely notice of appeal.

On April 15, 2021, I conducted a hearing on this matter.  Plaintiff appeared by video teleconference from Ware State Prison.  A transcript of the hearing was prepared and filed.  Doc. 35.  During the hearing, I questioned Plaintiff about when he delivered his Notice of Appeal to prison officials and to which court he addressed his Notice of Appeal.  I also provided

2

Plaintiff an opportunity to offer any additional information he believed would be helpful on the topic.[1]

In making my factual findings, I considered Plaintiff's representations at the April 15, 2021 hearing, as well as Plaintiff's Notice of Appeal and related documents.  I also considered a supplemental filing from Plaintiff, dated May 19, 2021—which is still two weeks away. Doc. 36.  This supplemental filing was incorrectly sent to the United States District Court for the Northern District of Georgia and was thus forwarded to this Court.  While I considered the supplemental filing, it does not provide any additional information related to the inquiry the Eleventh Circuit Court of Appeals directed this Court to conduct on remand.

## RECORD AND PROPOSED FINDINGS OF FACT

Plaintiff's Notice of Appeal bears his signature and is dated October 26, 2020.  Doc. 30 at 43.  Plaintiff explained at the April 15, 2021 hearing he signed his Notice of Appeal on October 26, 2020, and delivered it to prison officials for mailing on the same day.  Plaintiff stated at the hearing he is an experienced litigant and knew the time requirements for filing a notice of appeal, and this motivated him to submit his Notice of Appeal quickly.

The record demonstrates Plaintiff's Notice of Appeal was initially sent to the Georgia Court of Appeals.  Plaintiff's Notice of Appeal bears a "RECEIVED IN OFFICE" stamp from the Georgia Court of Appeals, dated November 10, 2020.  Id. at 1.  This receipt date is consistent with the date of Plaintiff's signature on the Notice of Appeal and Plaintiff's representations at the hearing he delivered the Notice of Appeal to prison officials on October 26, 2020.  The envelope containing Plaintiff's Notice of Appeal from his October 26, 2020 delivery to prison officials is not in the record, so it is unclear if Plaintiff addressed the package to the Georgia Court of

---

[1]      A transcript of the April 15, 2021 hearing is filed on the Court's docket.  Doc. 35.

Appeals or some other address. However, Plaintiff conceded at the hearing he may have addressed the Notice of Appeal envelope to the incorrect court.

At the hearing, Plaintiff initially equivocated about what occurred next but ultimately confirmed the Notice of Appeal was returned to him and he received the returned mail at Ware State Prison sometime in early December. See Doc. 35 at 12–14. Plaintiff stated he attempted to resend the packet immediately after receiving it. One envelope in the record, doc. 30 at 46, appears to be the one Plaintiff used when he sent his Notice of Appeal out the second time. This envelope is addressed in Plaintiff's handwriting as follows:



In the return address portion of the envelope, Plaintiff included a handwritten notation of December 2, 2020:



Additionally, Plaintiff included the following handwritten notation in the middle of the envelope:



At the hearing, Plaintiff confirmed the notations containing the "12-2" date were in his handwriting.  Doc. 35 at 12.  The envelope bears a postmark of December 3, 2020.  This envelope bears a "CLEARED" stamp from the U.S. Marshals Service, Atlanta, GA, dated December 7, 2020.  Considering these facts together, the record demonstrates Plaintiff received the returned packet on December 1, 2020 or December 2, 2020, and repackaged the Notice of Appeal, with a new address, and delivered it to prison officials for mailing the next day—either on December 2, 2020 or December 3, 2020.

The package was sent to the Federal Courthouse in Atlanta, in the Northern District of Georgia, where it was received on December 7, 2020.  The documents in the record further demonstrate that once the Notice of Appeal was received by the U.S. Marshals Service in Atlanta, it was sent to the office of the Clerk of Court for the United States District Court for the Northern District of Georgia.  The first page of the Notice of Appeal bears a stamp from that Clerk of Court's office, stating the documents was "FILED IN CLERK'S OFFICE" on December 7, 2020.

Soon thereafter, the Clerk of Court for United States District Court for the Northern District of Georgia mailed the entire packet—including the Notice of Appeal and the envelope it was contained in—to the Southern District of Georgia.  The record contains a second envelope which confirms this transmission.  Doc. 30 at 47.  On the second envelope, the sender is identified as "Office of the Clerk, United States District Court" with an Atlanta, Georgia address, and the recipient is "US Courts Southern District" with a Savannah, Georgia address.  This second envelope bears a December 8, 2020 postmark, demonstrating the Clerk of Court for United States District Court for the Northern District of Georgia mailed the packet to this Court on December 7, 2020 or December 8, 2020.

The mailing from the Northern District of Georgia to this Court was received on December 28, 2020. This is confirmed by the stamp marking the document "FILED U.S. DISTRICT COURT SAVANNAH DIV. 2020 DEC 28 PM 4:10" on the face of the Notice of Appeal. Doc. 30 at 1. The Notice of Appeal was entered on this Court's electronic docket on the same date.

Based on this record, I propose the Court make the following findings of fact:

1. On October 26, 2020, Plaintiff signed his Notice of Appeal in this action, and on the same day, delivered the Notice of Appeal to prison officials at Ware State Prison for mailing.

2. Plaintiff initially addressed his Notice of Appeal to the incorrect court and, as a result, the Notice of Appeal was initially delivered to the Georgia Court of Appeals.

3. The Georgia Court of Appeals received Plaintiff's Notice of Appeals on November 10, 2020, and returned it to him at Ware State Prison soon thereafter.

4. On December 1, 2020 or December 2, 2020, Plaintiff received his returned Notice of Appeal at Ware State Prison.

5. On December 2, 2020 or December 3, 2020, Plaintiff repackaged his Notice of Appeal in a new envelope with a new recipient's address and provided it to prison officials for mailing. Plaintiff addressed the packet to "in the Court of Appeals in Georgia" at the Richard B. Russell Federal Building in Atlanta, Georgia. This envelope is the same one contained in the record. Doc. 30 at 46.

6. On December 7, 2020, Plaintiff's second Notice of Appeal packet was delivered to the Northern District of Georgia in Atlanta, Georgia.

7. On December 8, 2020, the Clerk of Court for the United States District Court for Northern District of Georgia mailed Plaintiff's Notice of Appeal, and the envelope it was contained in, to this Court. The envelope confirming this mailing is contained in the record. Doc. 30 at 47.

8. On December 28, 2020, this Court received and docketed Plaintiff's Notice of Appeal on December 28, 2020.

9. On December 29, 2020, this Court transmitted Plaintiff's Notice of Appeal to the Eleventh Circuit Court of Appeals.

**INSTRUCTIONS REGARDING OBJECTIONS**

Any objections to this Report shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a party's contention must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA